FILED

MAR 1 1 2025

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )
                             )
       V.                    )    CAUSE NO.    1:25-cr-00045-JPH-MJD
                             )
CAMERON LOVE and             )    -01
MICHAEL SCOTT,               )    -02
                             )
              Defendants.    )

**INDICTMENT**

The Grand Jury charges that:

COUNT ONE
Interference with Commerce by Robbery
18 U.S.C. § 1951(a)

At all times material to this Indictment, the Burger King restaurant located at 7620

Shadeland Avenue, Indianapolis, Indiana, was engaged in the operation of a fast-food restaurant,

open to the public in interstate commerce, and in an industry which affects interstate commerce.

On January 16, 2025, in Marion County, within the Southern District of Indiana,

defendant CAMERON LOVE did unlawfully obstruct, delay and affect, and attempt to obstruct,

delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951,

by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the

defendants did unlawfully take and obtain personal property consisting of U.S. currency from, or

in the presence of, an employee of the Burger King restaurant against his or her will, by means of

actual and threatened force, violence, and fear of injury to these persons, that is, by brandishing a

firearm, and obtaining United States Currency from an employee of the Burger King restaurant;

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
Brandishing of a Firearm in Relation to a Crime of Violence
18 U.S.C. § 924(c)(1)(A)(ii)

On or about January 16, 2025, in Marion County, the Southern District of Indiana, the defendant, CAMERON LOVE, did knowingly use, carry, and brandish a firearm, that is, a Smith and Wesson 9mm handgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is: interference with commerce by robbery, as described in Count One;

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE
Accessory After the Fact
18 U.S.C. § 3

On or about January 16, 2025, in Marion County, within the Southern District of Indiana, the defendant, MICHAEL SCOTT, knowing that an offense against the United States has been committed, that is: interference with commerce by robbery, as described in Count One; did receive, relieve, comfort, and assist the offender, CAMERON LOVE, in order to hinder and prevent the offender's apprehension, trial, and punishment;

All in violation of Title 18, United States Code, Section 3.

**FORFEITURE**

1.      The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1951, set forth in Count 1 of this Indictment, the defendants, CAMERON LOVE and MICHAEL SCOTT, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense.

3.      The allegations contained in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

4.      Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c) set forth in Count 2 of this Indictment, the defendant, CAMERON LOVE, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

   a.      a Smith and Wesson 9mm Shield model MP9 bearing serial number JES8123; and

   b.      all recovered ammunition.

5.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL:

FOREPERSON

JOHN E. CHILDRESS
Acting United States Attorney

By: _____
Brendan J. Sullivan
Assistant United States Attorney
MPB