UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:25-cr-00045-JPH-MJD |
| CAMERON LOVE, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER ON MOTIONS FOR RECONSIDERATION AND TO COMPEL**

Mr. Love is charged with committing a January 2025 robbery of a Burger King in Indianapolis, with brandishing a firearm in relation to that offense, and with felon in possession of a firearm. Dkt. 124 (superseding indictment). Mr. Love previously moved to dismiss the indictment against him, alleging that this case presents a conflict of interest because FBI task force officer Jon Schultz previously worked for the Indianapolis Metropolitan Police Department. Dkt. 94. He also argued that this federal prosecution was vindictively brought because of his prior challenge to state-court charges. *Id.* The Court denied Mr. Love's motion to dismiss because he did not present evidence of a conflict of interest or vindictive prosecution. Dkt. 123 at 4–7 (explaining that a claim of prosecutorial vindictiveness "is extremely difficult to prove" and "courts must begin from a presumption that the government has properly exercised its constitutional responsibilities to enforce the nation's laws" (quoting *United States v. Jarrett*, 447 F.3d 520, 524–27 (7th Cir. 2006)). Nor did Mr. Love

identify facts or circumstances from which vindictive prosecution could reasonably be inferred. *Id.*

Mr. Love has filed a motion to reconsider that ruling, arguing that alleged inconsistencies in some of the evidence provided to him in discovery—such as the exact dollar amount stolen from the Burger King and the location of the recovered firearm—show a *Brady* violation and prevent him from preparing a defense. Dkt. 141. The government responds that Mr. Love's arguments do not support reconsideration or dismissal. Dkt. 146. Motions for reconsideration in a criminal case are "treated just like motions in civil suits," *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), and "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024).

Mr. Love has not shown a manifest error of law or fact in the Court's order denying his motion to dismiss. Similarly, as the Court previously explained, the alleged inconsistencies in the evidence referenced above do not support reconsideration of the order denying the motion to dismiss. *See* dkt. 123. Mr. Love will have the opportunity at trial to identify those alleged inconsistencies and argue to the jury that the government has not proven its case beyond a reasonable doubt. *See* dkt. 142. Mr. Love therefore has not shown any reason for the Court to reconsider its denial of his motion to dismiss. *See Eberhardt*, 122 F.4th at 688.

Mr. Love also appears to argue that the government committed a *Brady* violation by suppressing evidence related to a Motorola cellphone. Dkt. 141 at

2–3.  Relatedly, he has filed a motion to compel under *Brady,* requesting that the government produce evidence from a search warrant for the Motorola cellphone.  Dkt. 158.  In response to Mr. Love's allegations of *Brady* violations based on evidence related to the Motorola cellphone, the government explained that, before November 12, 2025, it had provided "evidence resulting from the search of a Motorola cell phone" to Mr. Love's standby counsel, who would arrange for Mr. Love to review the evidence.  Dkt. 176 at 3–4; dkt. 142 (November 12, 2025 status conference minute entry reflecting that "[t]he government confirmed discovery has been provided to defendant and electronic discovery was provided to standby counsel").

It appears that, at the time he filed the motion to compel, Mr. Love did not realize that this evidence had been provided to his standby counsel.  *See* dkt. 158.  The government has now clarified that disclosure, and neither Mr. Love nor his standby counsel have reported further concerns about Mr. Love's access to or ability to review evidence in advance of trial.  With the trial scheduled to begin on February 2, 2026, Mr. Love will have had ample time to review the evidence from the Motorola cell phone.  Even assuming that this evidence is exculpatory, Mr. Love has not shown that it has been "suppressed" under *Brady*.  *See United States v. Kimoto*, 588 F.3d 464, 492 (7th Cir. 2009) ("[E]vidence is 'suppressed' for *Brady* purposes when (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence."); *accord United States v. Morales*, 746 F.3d 310, 317 (7th

3

Cir. 2014) (rejecting *Brady* claim because the evidence at issue "contain[ed] no information that Morales should not have already known").

Finally, Mr. Love alleges that the cellphone was "initially said to be recovered outside a gas station" and later reported "seized by law enforcement from the 2015 Chevrolet Cruze (alleged suspect vehicle)." Dkt. 141 at 2–3. As with the alleged discrepancies with the evidence addressed above, Mr. Love will have the opportunity at trial to identify this alleged inconsistency and argue to the jury that the government has not proven its case beyond a reasonable doubt.

Mr. Love's motion for reconsideration and motion to compel are **DENIED**. Dkt. [141]; dkt. [158].

**SO ORDERED.**

Date: 1/9/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CAMERON LOVE
USMS# 67207-511
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

All electronically registered counsel