UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00045-JPH-MJD |
| | ) | |
| CAMERON LOVE, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO VACATE**

Defendant, Cameron Love, was charged in the Second Superseding
Indictment with Interference with Commerce by Robbery (Count 1),
Brandishing a Firearm in Relation to a Crime of Violence (Count 2), and Felon
in Possession of a Firearm (Count 3).  Dkt. 197.  On February 3, 2026, a jury
found Mr. Love guilty on all three counts.  Dkt. 224.

In March 2026, Mr. Love filed a motion to vacate his conviction on Count
2.  Dkt. 248.  He argues that the jury instructions and verdict form used at
trial constructively amended the charge from brandishing a firearm to using or
carrying a firearm.  *Id.*  The government responds that Mr. Love's motion is
untimely and meritless.  Dkt. 251.

The Court construes Mr. Love's motion as seeking a new trial under
Federal Rule of Criminal Procedure 33.[1]  Under Rule 33(a), the Court may

---

[1] The government also addresses whether Mr. Love's motion should be construed as a
motion for judgment of acquittal under Federal Rule of Criminal Procedure 29.  Dkt.
251 at 4.  The Court does not do so because Mr. Love does not request a judgment of
acquittal on Count 2, dkt. 248, or argue that the evidence was insufficient for the
conviction, *see United States v. Sorensen*, 134 F.4th 493, 498 (7th Cir. 2025); *United*

1

"grant a new trial if the interest of justice so requires." *United States v. Coscia,* 4 F.4th 454, 465 (7th Cir. 2021). "Granting a new trial in the interest of justice is reserved for only the most extreme cases." *Id.*

"Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Cr. P. 33(b)(2). Because the jury reached its verdicts on February 3, 2026, Mr. Love's "new trial argument can . . . be rejected as untimely." *United States v. McGhee,* 98 F.4th 816, 825 (7th Cir. 2024); *see* dkt. 248. The motion is therefore denied on this basis.

Even if Mr. Love's motion were timely, he confirmed at trial that he had no objection to the final instructions and verdict form that were provided to the jury. *See* dkt. 228. He therefore has waived, or at least forfeited, his new argument that they were an impermissible constructive amendment. *See United States v. Friedman,* 971 F.3d 700, 712 (7th Cir. 2020) ("By choosing to pursue changes to certain instructions and forgoing multiple chances to change others, Friedman waived other possible jury instruction challenges."); *cf. United States v. Gan,* 54 F.4th 467, 479 n.1 (7th Cir. 2022) (addressing when plain-error review may be available).

Under any standard, Mr. Love's motion fails on the merits. "A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court

---

*States v. Wilson,* 879 F.3d 795, 802–03 (7th Cir. 2018). Regardless, a Rule 29 motion would be untimely because Mr. Love did not file his motion "within 14 days after a guilty verdict or after the court discharges the jury." Fed. R. Cr. P. 29(c)(1).

(usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *United States v. Rogers*, 44 F.4th 728, 735 (7th Cir. 2022). Here, Count 2 of the Second Superseding Indictment alleged that Mr. Love "did knowingly use, carry, and brandish a firearm . . . during and in relation to a crime of violence." Dkt. 197 at 2. The Court's instructions similarly informed the jury that Mr. Love was charged "with using or carrying a firearm during and in relation to a crime of violence," and that if the jury found that Mr. Love did so, it "must then determine whether the government has proven beyond a reasonable doubt that the firearm was brandished." Dkt. 228-1 at 24, 29.

The jury convicted Mr. Love of using or carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A); dkt. 224 at 2 (jury verdict). And the jury then found that Mr. Love brandished the firearm. 18 U.S.C. § 924(c)(1)(A)(ii); dkt. 224 at 2. The Court's instructions on those determinations did not broaden the charges that Mr. Love faced, because they explained what was alleged in the Second Superseding Indictment. *See United States v. Carpenter*, 162 F.4th 876, 885 (7th Cir. 2025) (finding no constructive amendment because the instructions explained the statute's meaning under Seventh Circuit precedent). The jury's subsequent verdicts similarly "easily fit with the allegations in the indictment," so there was no constructive amendment at trial. *United States v. Phillips*, 745 F.3d 829, 832–33 (7th Cir. 2014); *see United States v. Withers*, 960 F.3d 922, 932 (7th Cir. 2020) ("The

trial record did not support an offense not alleged in the superseding indictment, so no constructive amendment occurred.").

Mr. Love's motion to vacate Count 2 is therefore **DENIED**.  Dkt. [248].

**SO ORDERED.**

Date: 4/14/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CAMERON LOVE
USMS# 67207-511
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

All electronically registered counsel